65 F.3d 167
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jackie Darrell HOLT, Defendant-Appellant.
 No. 94-5685.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 13, 1995.
Decided: August 31, 1995.
 
 ARGUED: Anthony Wayne Harrison, Sr., Harrison, North, Cooke & Landreth, Greensboro, NC, for Appellant. Gill Paul Beck, Assistant United States Attorney, Greensboro, NC, for Appellee. ON BRIEF: Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before WILKINS and WILLIAMS, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Jackie Darrell Holt appeals the sentence imposed by the district court following his plea of guilty to conspiracy to possess with the intent to distribute cocaine, see 21 U.S.C.A. Sec. 846 (West Supp.1995), money laundering, see 18 U.S.C.A. Sec. 1956(a)(1) (West Supp.1995), and possession with the intent to distribute cocaine, see 21 U.S.C.A. Sec. 841(a)(1) (West 1981). Holt also claims that the criminal forfeitures ordered by the district court of the real property on which his residence and business are located and the money derived from his narcotics sales constituted excessive fines in violation of the Eighth Amendment. We affirm the forfeiture of $250,000 in proceeds from Holt's drug trafficking activity and Holt's sentence. However, we remand for the district court to consider whether the forfeiture of the real property constitutes an excessive fine under the appropriate standard.
 
 I.
 
 2
 Although Holt pled guilty to the above-referenced substantive charges, he proceeded to trial on the forfeiture allegations relating to the drug trafficking offenses charged in the indictment.* Viewed in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80 (1942), the evidence presented at the subsequent trial demonstrated that from at least January 1988 until October 1992 Holt was involved in a conspiracy to distribute cocaine that he obtained in Florida. Holt purchased the drug from his supplier in Florida in onehalf kilogram quantities every five to seven months. The last of these purchases occurred in July 1992. In all, Holt purchased between $125,000 and $165,000 worth of cocaine during the relevant period.
 
 
 3
 Holt placed approximately 271 telephone calls from his residence to his supplier in Florida to arrange for the purchase and delivery of cocaine. And, various quantities of cocaine were delivered to, stored at, packaged for sale at, and distributed from Holt's residence and surrounding property over the course of several years.
 
 
 4
 The jury answered special interrogatories, finding that the parcel of real property owned by Holt on which his residence and business are located was used to facilitate the commission of a drug offense and that the amount of $250,000 represented the value of proceeds from this illegal activity. See 21 U.S.C.A. Sec. 853(a)(1)-(2) (West Supp.1995). The district court thereafter entered a preliminary order of forfeiture.
 
 
 5
 Holt objected to the forfeitures, arguing that they constituted excessive fines in violation of the Eighth Amendment. The district court rejected this argument. With respect to the real property, the court found that "there is substantial evidence of its use by Holt over a long period of time as the hub of his drug activity." And, with respect to the $250,000 ordered forfeited as the proceeds of drug activity, the court concluded that this amount was supported by the evidence concerning Holt's drug trafficking activities. Accordingly, the district court concluded that the forfeitures did not constitute excessive fines.
 
 
 6
 At sentencing, the district court adopted the recommendation contained in the presentence report that Holt be held accountable for between 3.5 and 5 kilograms of cocaine, resulting in a base offense level of 30. See United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c)(7) (Nov.1993). In concluding that this quantity of cocaine was appropriate, the district court rejected Holt's argument that amounts he disclosed in conversations with Special Agent Chris Griffin of the Internal Revenue Service should be excluded from the calculation because Holt had made these disclosures pursuant to an immunity agreement. See U.S.S.G. Sec. 1B1.8. The court enhanced Holt's base offense level by two levels for his aggravating role in the offense, see U.S.S.G. Sec. 3B1.1(c), and reduced it by two levels for acceptance of responsibility, rejecting Holt's argument that an additional one-level reduction was appropriate, see U.S.S.G. Sec. 3E1.1. Combined with Holt's Criminal History Category I, his adjusted offense level of 30 resulted in a guideline range of 97 to 121 months imprisonment. The district court imposed a term of imprisonment of 109 months.
 
 
 7
 Holt appeals, challenging the forfeitures as excessive under the Eighth Amendment and asserting that the district court erred in attributing quantities of cocaine to him based upon his admissions to Special Agent Griffin and in refusing to reduce his offense level by an additional level for acceptance of responsibility. We address these claims seriatim.
 
 II.
 
 8
 Holt first asserts that the criminal forfeitures of the real property and of $250,000 constitute excessive fines in violation of the Eighth Amendment. He maintains that the forfeitures are excessive because, in economic terms, they are the "functional equivalent of a death sentence," stripping him of virtually everything he has. He contends that the forfeiture of the real property on which his residence and business are located cannot be sustained because all of the witnesses testified to Holt's aversion to involving his residence in his drug transactions. And, he asserts that the forfeiture of $250,000 in drug proceeds cannot be sustained by the level of drug trafficking proven by the Government.
 
 
 9
 Holt's real property was forfeited pursuant to 21 U.S.C.A. Sec. 853(a)(2), which makes subject to forfeiture property "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of" specified drug offenses. In United States v. Wild, 47 F.3d 669 (4th Cir.1995), petition for cert. filed, --- U.S.L.W. ---- (U.S. May 18, 1995) (No. 94-9563), this court established factors to guide district courts in assessing the excessiveness of an in personam forfeiture under Sec. 853(a)(2). The court indicated that the excessiveness inquiry
 
 
 10
 turns on whether the government can exact a fine in the amount of the forfeiture in light of the defendant's conduct and the offense committed. This inquiry beckons a comparison of the value of the property being forfeited to the gravity of the offense committed by the defendant and the nature and extent of the defendant's activities....[O]nly in rare situations will an in personam criminal forfeiture pursuant to 21 U.S.C. Sec. 853(a)(2) be excessive in a constitutional sense.
 
 
 11
 Id. at 676. The district court did not have the benefit of Wild, and accordingly, it did not make factual findings sufficient to permit us to conduct the appropriate excessiveness inquiry. Therefore, we remand for the district court to conduct the analysis required by Wild in the first instance. See id.
 
 
 12
 The district court ordered $250,000 forfeited pursuant to Sec. 853(a)(1) as the proceeds from Holt's drug trafficking activities. In Wild, this court ruled that "[a]n excessiveness challenge can never be mounted against an in personam criminal forfeiture pursuant to 21 U.S.C. Sec. 853(a)(1) because the forfeiture of property constituting, or derived from, proceeds of an illegal activity can never be excessive in a constitutional sense." Wild, 47 F.3d at 676 (citing Austin v. United States, 113 S.Ct. 2801, 2812 n. 14 (1993) (forfeiture of proceeds cannot be considered punishment)) (internal quotation marks omitted). The $250,000 amount determined by the jury to represent the proceeds of Holt's drug activity is supported by the record, and accordingly his challenge to its forfeiture must fail.
 
 III.
 
 13
 Holt next asserts that the district court erred in refusing to reduce his offense level by an additional level for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1(b). The district court concluded that Holt did not provide complete and timely information concerning his involvement in the offenses. It found that Holt gave inconsistent information concerning his participation and that, because he did not inform the Government of his intent to plead guilty until the Friday before his scheduled trial on the following Monday, Holt did not provide timely notification of his intent to plead guilty. These factual determinations by the district court are not clearly erroneous. See United States v. Harris, 882 F.2d 902, 905 (4th Cir.1989).
 
 IV.
 
 14
 Finally, Holt claims that information he disclosed to Special Agent Griffin concerning his drug distribution activities should not have been considered by the district court in determining the quantity of cocaine attributable to him for purposes of establishing his base offense level. He contends that the information he disclosed to Special Agent Griffin was given pursuant to an implied immunity agreement because the agent told Holt that it would be in his best interest to cooperate. This argument lacks merit.
 
 
 15
 Section 1B1.8(a) provides that subject to specified exceptions:
 
 
 16
 Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.
 
 
 17
 Assuming that the informal representations by the agent were sufficient to constitute a cooperation agreement with the Government, the "agreement" did not contain any promise that self-incriminating information disclosed by Holt would not be used against him. Therefore, the district court did not err in considering the information Holt disclosed.
 
 V.
 
 18
 For the reasons set forth above, we conclude that the $250,000 in proceeds ordered forfeited by the district court did not constitute an excessive fine, but that a remand is appropriate to permit the district court to consider whether the forfeiture of the real property on which Holt's residence and business are located was excessive under the analysis set forth in Wild. We further determine that the district court did not err in determining Holt's sentence and, accordingly, affirm it.
 
 AFFIRMED IN PART; REMANDED IN PART
 
 
 *
 Holt agreed to the forfeiture of $17,943 relating to the money laundering offenses