**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5868

MARTIN LOCKLEAR,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5869

PATRICIA WILLIAMS LOCKLEAR,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                                No. 96-4564

MARTIN LOCKLEAR; PATRICIA
WILLIAMS LOCKLEAR,
Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-95-16)

Submitted: August 5, 1997

Decided: August 27, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcia Gail Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C.,
Atlanta, Georgia, for Appellants. Janice McKenzie Cole, United
States Attorney, John S. Bowler, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martin Locklear and Patricia Locklear ("Appellants") appeal their
sentences arising from their convictions for conspiracy to possess
with the intent to distribute cocaine and marijuana, in violation of 21
U.S.C. §§ 841(a)(1), 846 (1994), and from the district court's final
forfeiture order, which required the Appellants to individually forfeit
$3,000,000 in currency and to jointly forfeit eleven tracts of real prop-
erty under 21 U.S.C. § 853 (1994). The Appellants assert that they did
not receive a fair trial because the district court allowed the Govern-
ment to call a co-defendant, who had pled guilty during the course of
their joint trial, as a witness against them and that evidence of the co-
defendant's guilty plea was presented to the jury. The Appellants fur-
ther contend that the district court's final forfeiture order violated the
Eighth Amendment's Excessive Fines Clause and that the district

2

court improperly calculated the drug amounts for which they were held accountable. Finding no error, we affirm.

During the Appellants' second trial on the above offenses, their co-defendant in the joint trial, Gerald Belanger ("Belanger"), decided to cooperate with the Government and enter a guilty plea.[1] Later, Belanger testified against the Appellants and proof of his guilty plea was presented to the jury. The district court twice instructed the jury, among other things, that proof of Belanger's guilty plea was not evidence of the Appellants' guilt. Because the Appellants did not object to these instructions, they have waived appellate review, absent plain error.[2] An appeals court will not notice an error raised for the first time on appeal unless (1) there is an error, (2) which is plain, (3) which affects the substantial rights of the defendant, and (4) which must be corrected to avoid a miscarriage of justice or damage to the "`fairness, integrity, or public reputation of judicial proceedings.'"[3]

Guilty pleas or convictions of non-testifying co-defendants or co-conspirators are not admissible as substantive evidence of the defendant's guilt.[4] But when a co-defendant or co-conspirator pleads guilty and later testifies, evidence of the guilty plea may be introduced to aid the jury in assessing the co-defendant's credibility as a witness.[5] An error in the admission of a testifying co-defendant's guilty plea is sub-

---

[1] The first trial ended in a mistrial because the jury could not reach a verdict as to the Appellants and co-defendant Belanger.

[2] **See** Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1990).

[3] **Olano**, 507 U.S. at 732 (quoting United States v. Young, 470 U.S. 1, 15 (1985)). See United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996).

[4] **See United States v. Blevins**, 960 F.2d 1252, 1260-61 (4th Cir. 1992).

[5] **See United States v. Withers**, 100 F.3d 1142, 1145-46 (4th Cir. 1996) (noting that in Blevins, 960 F.2d at 1260-61 n.3, this court "expressed doubt that the mention of a guilty plea by a testifying co-defendant . . . would be error since the defendant would have the opportunity to cross-examine the witness," and finding a similar mention of a plea agreement harmless), cert. denied, ___ U.S. #6D 6D6D#, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884).

3

ject to harmless error analysis.[6] A curative instruction may render such an error harmless.[7]

Here, the district court instructed the jury to be very cautious when evaluating the testimony of an alleged accomplice who had entered into a plea agreement with the Government. The court also instructed the jury that it could never enter a conviction based upon the unsupported testimony of such a witness unless the jury believed it beyond a reasonable doubt. Although these instructions do not specifically address the evidentiary use of Belanger's guilty plea, the jury was informed that Belanger's guilty plea could not be considered as evidence of the Appellants' guilt. These curative instructions obviate any finding of plain error.[8]

As further evidence against the Appellants, the Government presented confidential informants and several of the Appellants' co-conspirators to recount their involvement in the Appellants' drug trafficking operation. One co-conspirator, William Wilson, testified that he received one to two kilograms of cocaine per week from the Appellants for a two to three year period. Another co-conspirator, Clyde Smith, testified that among his varied drug transactions with the Appellants, within a three-year period, the Appellants received between 3000 and 3500 pounds of marijuana. Based solely on the testimony of these two witnesses, the district court took the midpoint of each range and held the Appellants responsible for 195 kilograms of cocaine [1.5 kilograms/week x 130 weeks] and 3250 pounds of marijuana.

On appeal, the Appellants point to an excerpt from William Wilson's grand jury testimony where he stated that he never received more than one kilogram of cocaine per week during his drug transactions with the Appellants. The Appellants contend that because there was evidence to support a lower attributable drug amount, they should have been sentenced in accord with the lower amount.

_____

[6] **See Withers**, 100 F.3d at 1145-46; Blevins, 960 F.2d at 1260-61 n.3.
[7] **See Blevins**, 960 F.2d at 1260-61 n.3.

[8] **See Blevins**, 960 F.2d at 1261 n.4.

A defendant convicted of a conspiracy is sentenced not only on the basis of his own personal conduct, but also on the basis of his co-conspirators' conduct in furtherance of the conspiracy, provided that such conduct was either known to the defendant or reasonably fore-seeable to him.[9] The district court's factual determination of the amount of drugs attributable to a defendant for sentencing purposes is reviewed for clear error.[10] The Government must prove drug quantity by a preponderance of the evidence.[11]

Here, there was ample evidence to support the district court's findings. Considering the large number of co-conspirators and the large amount of drugs involved this case, we find that the amounts actually attributed to the Appellants were conservative estimates and that the Appellants were appropriately sentenced.

Lastly, Appellants challenge the forfeiture of four tracts of real property under the facilitation prong of § 853(a)(2).[12] The Appellants assert that because they were each also required to forfeit $3,000,000, currency, the forfeiture of these properties was excessive, in violation of the Eighth Amendment. Again, because the Appellants did not raise this objection during sentencing, they have waived appellate review, absent plain error.[13]

Although criminal forfeitures under § 853(a)(2) are rarely found to be constitutionally excessive, we resolve excessive fines challenges to properties forfeited under that section by determining "whether the value of the property being forfeited is an excessive monetary punishment in relation to the offense giving rise to the forfeiture."[14] The

---

[9] See **United States v. Williams** , 986 F.2d 86, 90 (4th Cir. 1993).
[10] See **United States v. McDonald** , 61 F.3d 248, 255 (4th Cir. 1995).
[11] See **Williams**, 986 F.2d at 90.
[12] The Appellants do not challenge the forfeiture of the remaining seven tracts of real property. These properties were forfeited as proceeds of the Appellants' illegal drug activities and Appellants concede that such a forfeiture will never support an excessive fines challenge. See United States v. Wild, 47 F.3d 669, 676 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3242 (U.S. Oct. 2, 1995) (No. 94-9563).
[13] See Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 732.
[14] **Wild**, 47 F.3d at 676.

5

maximum fine that the Government could have exacted, in light of the Appellants' conduct and the offense committed, was $4,000,000 for each Appellant.[15] The Appellants refused to submit personal financial statements or to execute authorizations to release financial information to the probation officer. However, based upon the records in the county's tax assessor's office, the probation officer estimated Appellants' business equipment and real estate as worth $351,779. Assuming that all of this property was forfeited under§ 853(a)(2), we find that value of the forfeited property did not exceed the applicable monetary punishment that could have been imposed.[16] There is no plain error, and the Appellants have waived further appellate review of their excessive fines claim.

Accordingly, we affirm the district court's forfeiture order and affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[15] See 21 U.S.C. § 841(b)(1)(A) (1994).
[16] The same result is reached even if the $3,000,000 in currency was not intended to be forfeited as proceeds and is included in the excessiveness analysis.

6