**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4449

JOHN WESLEY OWNBY, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4466

JOHN WESLEY OWNBY, JR.,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-65)

Submitted: October 31, 1997

Decided: November 26, 1997

Before HALL, NIEMEYER, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David L. Heilberg, Llezella A. Dugger, LAW OFFICE OF DAVID
L. HEILBERG, Charlottesville, Virginia, for Appellant. Robert P.

Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Vanessa Chandler, Third Year Law Student, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Wesley Ownby, Jr. pleaded guilty to single counts of knowingly receiving and transmitting by computer visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1), (a)(2) (1994), and knowingly possessing three or more visual depictions of a minor engaging in sexually explicit conduct which were transported in interstate commerce by computer in violation of 18 U.S.C. § 2252(a)(4)(B) (1994). The Government sought and received criminal forfeiture of certain personal and real property belonging to Ownby, including his residence, under 18 U.S.C. § 2253 (1994). Ownby was sentenced to 36 months in prison on each of the counts, to be served concurrently to each other but consecutively to an unrelated state sentence. On appeal, Ownby alleges that the district court's forfeiture of his residence violates the Excessive Fines Clause of the Eighth Amendment and that the court erred in imposing his federal sentence to run consecutively to his undischarged state sentence. Finding no error, we affirm.

Viewing the facts in the light most favorable to the Government, the record discloses that the FBI discovered that Ownby repeatedly sent and received depictions of minors engaging in sexually explicit conduct by computer through an "on-line" service. A search of Ownby's residence uncovered 76 floppy diskettes containing 1612 images in boxes, some of which were labeled "YM" for "Young Male" and "YF" for "Young Female." Of the 1612 images, over 62 percent depicted juveniles engaged in sexually explicit conduct.

2

Approximately 20 percent of the images could not be viewed due to software incompatibilities. Agents also found various files on Ownby's hard drive which contained numerous images of children, individuals of questionable age, and adults engaged in sexually explicit conduct. Ownby confessed to one of the agents that he had been trading pornographic images through computer on-line services for approximately two years and that he maintained both a "clean" and "dirty" account on-line. He further revealed that he placed a computer in his home to conduct legitimate business activities and to trade pornographic images in private.

Ownby first contends that the court's forfeiture of his home violated the Excessive Fines Clause of the Eighth Amendment. In analyzing excessive fines claims in the context of in personam criminal forfeitures, the court must consider the proportionality of the fine to the offense. See United States v. Wild, 47 F.3d 669 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3242 (U.S. Oct. 2, 1995) (No. 94-9563). The district court provided extensive and thorough analysis of the proportionality issues of this case in a memorandum opinion and concluded that the forfeiture was proportional to the crime. We agree with the court's sound and reasoned judgment and therefore affirm the forfeiture based on the reasoning of the district court.

Ownby also maintains that the court erred in denying his motion to impose his federal sentence concurrently with his undischarged state sentence. The applicable guideline, USSG § 5G1.3(c),* states that the court has discretion to impose a concurrent, consecutive, or partially concurrent sentence to the prior undischarged term of imprisonment "to achieve a reasonable punishment for the instant offense." The district court should consider factors set forth in 18 U.S.C. § 3584 (1994) (referencing 18 U.S.C. § 3553(a) (1994)) and take note of four additional factors stated in USSG § 5G1.3, comment (n.3).

We review factual issues regarding application of the Guidelines under a clearly erroneous standard. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). We review the legal issues involving application of the Guidelines de novo. Id. To the extent that the

_____

*U.S. Sentencing Guidelines Manual § 5G1.3(c) (1996).

3

issue before the court is more factual than legal, the standard of review approaches that of review for clear error. Id.

Again, the court's memorandum opinion reflects a very thorough analysis of the various considerations involved in its decision to impose the federal sentence consecutively to the state sentence. We find no abuse of discretion in the court's decision that a consecutive sentence constitutes a reasonable punishment under the facts of this case and affirm his sentence based on the reasoning of the district court.

Accordingly, we affirm Ownby's conviction and sentence. We further deny Ownby's motion for leave to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4