**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Abel Parama BORROMEO,
Defendant–Appellant.**

and

**Seven (7) Parcels of Real Property; Two (2) Automobiles; Undetermined Amount of United States Currency Contained In Several Bank Accounts, Stocks, Bonds, Securities and Other Negotiable Instruments and Various Items of Personal Property, Defendants.**

No. 91–7070.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 29, 1992.

Decided May 26, 1993.

Supplemental Opinion Decided
Sept. 7, 1993.

Stanley K. Joynes, III, LeClair, Ryan & Joynes, Richmond, VA, for defendant-appellant.

Betty Adkins Pullin, Asst. U.S. Atty., Charleston, WV, (Michael W. Carey, U.S. Atty., Stephen M. Horn, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before HAMILTON, Circuit Judge, SPROUSE, Senior Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

FRANK A. KAUFMAN, Senior District Judge:

On May 26, 1993, this Court filed an opinion in this case. 995 F.2d 23. Thereafter, Borromeo, noting the pendency of a Supreme Court decision on a related topic, moved for an extension of time within which to seek a rehearing or rehearing in banc and a stay of the issuance of the mandate. On June 23, 1993, we granted that motion, extending the time within which the parties might seek rehearing until thirty days after the Supreme Court decided the case of *Austin v. United States,* — U.S. ——, 113 S.Ct. 1036, 122 L.Ed.2d 347 (1993), and recalled our mandate in this case, which had issued in the interim. Subsequently, on June 28, 1993, the Supreme Court handed down its opinion in *Austin v. United States,* — U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and Borromeo moved for a rehearing of this case.

Borromeo contends that *Austin* mandates a result different from that reached by this Court in part III of our earlier opinion with regard to Borromeo's Double Jeopardy claim. Further, Borromeo takes the position that we misunderstood his apparent concession, during oral argument, of the appropriateness of the forfeiture of the building which housed the Jefferson Family Health Clinic. He now claims that he did not intend to concede that the district court had sufficient evidence before it from which it could have permissibly concluded that the building in question was in fact an instrumentality of Borromeo's crime. Rather, Borromeo contends that he conceded only the forfeitability of an instrumentality, as a general proposition, but did not concede the sufficiency of

the evidence establishing the building as an instrumentality.

The government, for its part, agrees that *Austin* "is a change in the controlling law with respect to forfeitures," but apparently does not agree with Borromeo's conclusion that it necessarily vitiates Part III of our prior opinion. With respect to Borromeo's seeming concession, the government asserts that Borromeo did in fact concede, during oral argument, the sufficiency of the evidence before the district court.

### A

■ As an initial matter, our review of the recorded oral argument reveals that while Borromeo's concession of the appropriateness of the forfeiture of the building housing the Jefferson Family Health Center was certainly not as carefully circumscribed as he would have this Court interpret it to be, it may perhaps be possible to characterize it as less than a fully clear concession. However, even if Borromeo did not concede the sufficiency of the evidence, we would have concluded from the record before the trial court in the forfeiture proceeding that the building was a forfeitable instrumentality. Indeed, we continue so to conclude. The transcript of Borromeo's criminal trial is replete with testimony concerning the use of the accused building to facilitate Borromeo's illegal activity.

### B

■ In *Austin,* the Supreme Court held that the Excessive Fines Clause of the Eighth Amendment may, in a particular case, be applicable to a civil forfeiture action brought against items of property alleged to be instrumentalities of crime, and as such to be forfeitable under 21 U.S.C. §§ 881(a)(4) and 881(a)(7). The Court, however, expressly declined to "establish a multi-factor test for determining whether a forfeiture is constitutionally 'excessive,'" —— U.S. at ——, 113 S.Ct. at 2812, preferring to "allow the lower courts to consider that question in the first instance." *Id.* In the wake of *Austin,* an inquiry into the proportionality between the value of the instrumentality sought to be forfeited and the amount needed to effectuate the legitimate remedial purposes of the forfeiture would seem to be in order. Accordingly, we hereby remand to the district court for consideration of the proportionality of the forfeiture of the Jefferson building to Borromeo's crimes.

### C

Whether a similar inquiry into the proportionality of forfeitures of the proceeds of illegal activity is necessary is less clear. Both Justice Scalia's concurrence, —— U.S. ——, 113 S.Ct. at 2814–15, and a portion of the majority's opinion, —— U.S. at —— n. 15, 113 S.Ct. at 2812 n. 15, suggest that a close enough connection between the property sought to be forfeited and the criminal activity might support a forfeiture regardless of proportionality. It is arguable that there is little justification for the position that one who successfully parlays his tainted dollar into a fortune should be permitted to enjoy a windfall—a result which a strict focus upon proportionality might bring about in a given case with regard to the proceeds of crime. Nevertheless, the proportional relationship of the value of proceeds to the harm occasioned by a defendant's criminal conduct may, in a given case, be relevant under the Supreme Court's approach in *Austin.* Accordingly, we remand this case to the district court for the type of inquiry into the substantial connection issue mandated by Part II of our earlier opinion, and also for a proportionality determination with regard to each and all items of the property which the government seeks to forfeit.

In sum, we reaffirm Part II of our prior opinion, remand in accordance therewith, vacate part III of our prior opinion, and remand in accordance with this Supplemental Opinion.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED.*