43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 25445 VIA DONA CHRISTA, VALENCIA,
CALIFORNIA, Defendant,
Ramdas P. Gupta, Claimant-Appellant.
 
 No. 93-55797.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1994.*
Decided Dec. 14, 1994.
 Before: FLETCHER, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramdas P. Gupta appeals pro se the forfeiture of his house under 28 U.S.C. Sec. 881(a)(7) following his stipulation that authorities seized narcotics and related paraphernalia from the premises on five separate occasions. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and remand in part.
 
 
 3
 Gupta argues first that the district judge showed bias against him. We reject this claim because Gupta has not alleged any fact indicating bias.
 
 
 4
 Gupta also argues in his reply brief that the seizure of his home violated due process because there was no pre-seizure notice or hearing. He failed to raise this argument either in the district court or in his opening brief on appeal; he has therefore waived it.
 
 
 5
 Finally, Gupta claims that a remand is warranted to enable the district court to determine whether the forfeiture was excessive under Austin v. United States, 113 S.Ct. 2801, 2810-12 (1993) (holding that the Eighth Amendment ban on excessive fines applies to in rem civil forfeiture actions brought pursuant to 21 U.S.C. Sec. 881). The district court in this case granted judgment on the pleadings in favor of the government barely six weeks before Austin was decided on June 28, 1993. We follow the lead of our sister circuits in holding Austin applicable to cases not yet final on June 28, 1993. See, e.g., United States v. One Parcel of Real Property, 27 F.3d 327, 329 n. 2 (8th Cir.1994) (noting Supreme Court's "strongly worded preference for retroactivity of civil decisions"); United States v. Premises Known as RR No. 1, 14 F.3d 864 (3d Cir.1994) (remanding for district court to reconsider order issued on April 8, 1993 in light of Austin ); United States v. Borromeo, 1 F.3d 219 (4th Cir.1993) (Court of Appeals recalled mandate and extended deadline to allow appellant to cite Austin in petition for rehearing); see also United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1215 n. 1 (9th Cir.1994) (considering Austin double jeopardy argument on appeal of judgment rendered before Austin where government did not assert claimant had waived argument).
 
 
 6
 On five occasions in 1988 and 1989, authorities searched Gupta's house. The record shows that some of these searches revealed balance beam scales and drug ledgers as well as small quantities of cocaine and marijuana. It also shows, however, that Gupta's daughter, who lived with him, kept marijuana secreted in the house for her personal use and, possibly, for sale, and that Gupta's son, an active state parolee convicted of narcotics offenses, lived in the house during a period of months when Gupta was in a convalescent home.
 
 
 7
 Gupta candidly admitted that during 1988 and 1989 he used marijuana regularly to treat his glaucoma. Moreover, he pleaded no contest to the charge of possessing for sale 68 grams of marijuana seized from his bedside table on June 29, 1989. He argued in the district court, however, that he had no knowledge of the other drugs found on his property. Both of his children submitted affidavits to the same effect.
 
 
 8
 The government argues that because this case is readily distinguishable from Austin, in which the government had forfeited a mobile home and an auto body shop on the basis of a single sale of two grams of cocaine, the punishment here is not unconstitutionally excessive. Our review of other federal cases, however, persuades us that Austin requires a more searching inquiry. See, e.g., United States v. Alexander, 32 F.3d 1231, 1234-35 (8th Cir.1994) (proportionality analysis required despite finding that claimant created an "enormous racketeering enterprise" and despite district court's "painstaking care" in its forfeiture analysis); One Parcel, 27 F.3d at 331 (excessive fines analysis entails consideration of monetary value of property, extent of criminal activity, fact that property was residence, and effect of forfeiture on innocent occupants); Premises Known as RR 1, 14 F.3d at 867 (remanding for district court to consider both nexus and excessiveness where convicted claimant disputed evidence that he stored cocaine and scales and sold cocaine on defendant property); Borromeo, 1 F.3d at 221 (remanding for inquiry into the proportionality between value of building and gravity of claimant's crimes); United States v. Bieri, 21 F.3d 819, 825 (8th Cir.) (remanding for district court to forfeit all of indivisible tract or enter specific excessiveness findings), cert. denied 115 S.Ct. 208 (1994).
 
 
 9
 We conclude that Austin requires the district court to consider whether the forfeiture of Gupta's house was excessive punishment for his crimes. Accordingly, we remand.
 
 
 10
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3