UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 00-4293

MICHAEL GLENN POWELL,
*Defendant-Appellant.*

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 00-4309

JAMES LEONARDO POWELL,
*Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-99-24)

Submitted: December 29, 2000

Decided: January 22, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. Gerald Beaver, Richard B. Glazier, BEAVER, HOLT, STERN-
LICHT, BURGE, GLAZIER, CARLIN & BRITTON, P.A., Fayette-
ville, North Carolina; James R. Van Camp, VAN CAMP, HAYES, &
MEACHAM, P.A., Pinehurst, North Carolina, for Appellants. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Christine Witcover Dean, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael Powell (Mike Powell) and James Leonardo Powell (Lee
Powell) appeal their criminal judgments after being convicted of con-
spiracy to distribute and possess with intent to distribute cocaine and
cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 2000)
(Mike and Lee Powell); maintaining a place for the purpose of manu-
facturing and distributing controlled substances, in violation of 21
U.S.C. § 856 (1994) (Mike Powell); distribution of cocaine base, in
violation of 21 U.S.C.A. § 841 (West 1999) (Lee Powell); and crimi-
nal forfeiture, in violation of 21 U.S.C.A. § 853 (West 1999) (Mike
Powell). The Powells raise several issues challenging their sentences.
We have reviewed the record and find no error. We therefore affirm
the judgments.

Mike and Lee Powell first argue that their due process rights were
violated because the indictment allegedly did not specify drug quan-
tity, the jury was instructed as to generic drug amounts, and the sen-
tencing court found a higher amount than the minimum specified in
the special verdict. They further argue that if the minimum amount
found by the jury was used to determine the offense level, their sen-
tences would have been reduced under the Sentencing Guidelines.

First, the overt acts listed in the indictment specify drug amounts that exceed the amounts required to sentence a defendant under 21 U.S.C.A. § 841(b)(1)(A). The jury returned special verdicts that exposed both Defendants to the penalties of § 841(b)(1)(A). The maximum term of imprisonment under that section is life imprisonment.

The requirement of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), does not apply to judge-made determinations of amount of drugs for purposes of calculating the offense level and relevant conduct. *See id.* at 2359 n.11; *United States v. Kinter*, No. 99-4621 (4th Cir. Dec. 19, 2000), slip op. at 15. Judges are permitted to make determinations of the kinds and amounts of drugs involved in the crime when imposing sentences within the statutory range. *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000) (holding that a judge may use the preponderance of the evidence standard when making determinations when imposing a sentence within the statutory range); *United States v. Nicholson*, 231 F.3d 445, 453 (8th Cir. 2000) (upholding life sentence where amount was charged in the indictment, maximum statutory sentence was life imprisonment, and sentencing court made drug amount findings by a preponderance of the evidence). Therefore, although the sentencing judge made drug amount findings, based upon the preponderance of the evidence, that exceeded the amount found as a minimum by a jury, the sentences based upon drug amounts do not violate the requirement of *Apprendi*.

Next, Mike and Lee Powell contend that their enhancements for possession of a firearm and Mike Powell's enhancement for his role in the offense should have been an element of the offense and submitted to the jury and proven beyond a reasonable doubt. The Powells' sentencing enhancements due to possession of a firearm and Mike Powell's enhancement for his role in the offense did not increase their statutory maximum sentences. Accordingly, this claim must fail. *Kinter*, slip op. at 15 (holding that "[b]ecause A*pprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, the current practice of judicial factfinding under the Guidelines is not subject to the *Apprendi* requirements-at least so long as that factfinding does not enhance a defendant's sentence beyond the maximum term specified in the substantive statute.").

Next, Mike Powell argues that it was error for the district court to instruct the jury that the Government need only prove the elements of

forfeiture by a preponderance of the evidence. He further argues that the forfeiture of the Dothan Estates property was not supported by sufficient evidence. Powell did not object to the forfeiture on these grounds, therefore, the claims are subject to plain error review. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

The Supreme Court has held that forfeiture is not an independent offense, but is only part of the sentence imposed for the underlying drug offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). The burden of proof on a forfeiture count is preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231 (4th Cir. 1995). *Apprendi* does not require the trier of fact to make factual determinations beyond a reasonable doubt. *United States v. Corrado*, 227 F.3d 543, 550 (6th Cir. 2000) (holding that a jury need not "pass upon the extent of forfeiture" and that the trier of fact may make determinations based upon the preponderance of the evidence). Therefore, the jury instructions on the burden of proof were not error.

Mike Powell argues that there is nothing in the record to support the jury's finding that the Dothan Estates property was used or facilitated the commission of a drug violation or that he purchased the property with the proceeds of criminal activity. The Government does not contend that the property was used to facilitate a crime. Rather, the Government argued to the jury and submitted to the jury on the special verdict form that the property was to be forfeited as proceeds of the crime. After reviewing the record, we find that sufficient evidence existed for the jury to find by a preponderance of the evidence that Mike Powell purchased the property with drug proceeds.

Mike Powell also argues that the forfeiture of the Dothan Estates property operates as an unconstitutionally excessive fine. The defendant bears the burden to show that the fine is excessive. *United States v. Ahmad*, 213 F.3d 805, 815-16 (4th Cir. 2000). The Government sought to have the Dothan Estates property forfeited as proceeds of the crime. The forfeiture of proceeds relieves the defendant of his illegal gain, and therefore cannot be excessive. *United States v. Wild*, 47 F.3d 669, 675-76 (4th Cir. 1995). Property into which a defendant has invested proceeds from the crime also may be forfeited as proceeds. *United States v. Borromeo*, 1 F.3d 219, 221 (4th Cir. 1993). The for-

feiture of proceeds is never "grossly disproportionate to the gravity of a defendant's offense," which is the test for a violation of the Excessive Fines Clause. *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). Therefore, we find that the forfeiture of the Dothan Estates property was not an excessive fine.

Mike Powell next argues that the sentencing court's finding that he possessed firearms during the conspiracy is clearly erroneous because there was limited trial testimony on the issue and the court considered out-of-court statements of witnesses. The district court's determination of the specific offense characteristic of firearm possession will be upheld unless clearly erroneous. *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997). We find that, considering the testimony of John Singleton, as recollected by both counsel, and the statement by Stevie Taylor, it was not clear error for the district court to apply the enhancement.

Finally, Lee Powell challenges the district court's denial of his motion in limine seeking to exclude the evidence obtained from 1991 and 1992 searches of his trailer residences. We review evidentiary rulings for an abuse of discretion. *United States v. D'Anjou*, 16 F.3d 604, 610 (4th Cir. 1994). We find that it was not error to admit the evidence. The evidence was relevant to Lee Powell's role in the conspiracy during the time frame charged in count one of the indictment. Further, the evidence was admissible under Fed. R. Evid. 404(b). By pleading not guilty, Powell denied that he was a participant in the drug distribution conspiracy. Thus, Powell's involvement in drug transactions prior to the dates of the charged conspiracy, and the presence of drug paraphernalia in his trailer during the time frame of the charged conspiracy, were facts relevant to the issues of Powell's knowledge and intent, providing an indication that he was both aware of and participating in the conspiracy. *United States v. Sanchez*, 118 F.3d 192, 195-96 (4th Cir. 1997) (evidence that defendant had conducted drug deals outside the time frame charged in the conspiracy and that he was arrested near an automobile which contained drugs and in which he had just been a passenger was properly admitted under Rules 404(b) and 403); *United States v. McMillon*, 14 F.3d 948, 955 (4th Cir. 1994) (evidence which "explain[ed] to the jury how the illegal relationship between participants in the crime developed" was admissible under Rules 404(b) and 403) (internal quotation marks

omitted). Finally, after reviewing the record, we cannot say that the district court abused its discretion in determining that the probative value of the evidence was not substantially outweighed by its prejudicial effect and thus excludable under Fed. R. Evid. 403. Thus, the district court did not err in admitting the evidence from the searches.

We therefore affirm the judgments. We deny Mike Powell's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*