UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

WILLIAM NEAL BRUNK; TERESA J.
BRUNK,

                    *Claimants-Appellants,*

and

PREMISES KNOWN AS ROUTE 2, BOX
675, WYTHEVILLE, VIRGINIA, all
appurtenances thereto, any and all
proceeds from the sale thereof,

                    *Defendant,*

and

W. KEITH DUNAGAN, individually
and in his capacity as an employee
of the Wythe County Sheriff's
Department; SHERIFF'S DEPARTMENT,
Wythe County,

                    *Third Party Defendants.*

No. 99-1480

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-97-52-R)

Argued: April 5, 2000

Decided: April 25, 2001

Before WIDENER and TRAXLER, Circuit Judges, and
Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion. Judge Traxler wrote a concurring opinion, and Judge Goodwin wrote a dissenting opinion.

---

## COUNSEL

**ARGUED:** Daniel Robert Bieger, COPELAND, MOLINARY & BIEGER, P.C., Abingdon, Virginia, for Appellants. Alonzo Harrison Long, Assistant United States Attorney, Roanoke, Virginia, for Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following a plea of guilty by William Neal Brunk in the Circuit Court of Wythe County, Virginia to the sale of marijuana, and Brunk's agreement not to contest the forfeiture of $4,999 which had been taken from his person, the government filed its complaint for civil forfeiture of the real estate belonging to Brunk and his wife, which real estate was located in Wythe County, Virginia and which the government alleged constituted proceeds traceable to the sale of controlled substances, and also because the said real estate was used, or intended to be used, to commit or facilitate the commission of, a violation of Title II of the Controlled Substances Act. The notice of forfeiture was filed pursuant to 21 U.S.C. § 881(a)(6) and (7).

The forfeiture case came on for hearing by the district court which held the same on exhibits, depositions, and witnesses appearing and testifying *ore tenus* in open court, and the district court filed its opinion in writing containing its findings of fact and conclusions of law.

The district court's conclusion may be summarized in a quotation of a part of its opinion as follows:

> . . . I conclude that the entire 90-acre parcel and the home permanently attached thereto was an instrumentality in the commission of the crime of distribution of marijuana and is subject to forfeiture under § 881.

> There is also ample evidence to conclude that the property constitutes proceeds of illegal drug sales, and that the property is subject to forfeiture under § 881(a)(6).

The court then entered its decree of forfeiture of the real estate, vesting title in the United States and divesting title in the real estate from William Neal Brunk and Teresa J. Brunk, his wife (J.A. 250), from which this appeal is taken.

On appeal, the Brunks argue that *United States v. Bajakajian*, 524 U.S. 321 (1998), overruled our circuit precedent of *United States v. Chandler*, 36 F.3d 358 (4th Cir. 1994); that the forfeiture of the land involved was disproportionate to the gravity of the offense; and that there was no substantial evidence ". . . to support a finding that the property was purchased with monies that were the proceeds of the defendant's offense." These same arguments were made to the district court which held adversely to the Brunks in each instance. Our examination of the record convinces us, and we hold, that there is substantial evidence to support the finding of the district court that the property was purchased with monies which were the proceeds of illegal drug activity and that the property in question was an instrumentality in the distribution of marijuana. The remaining questions raised by the Brunks on appeal as decided by the district court are free from reversible error.

We are of opinion to, and do, affirm the judgment of the district court for the reasons sufficiently stated in its opinion in writing.

*AFFIRMED*

TRAXLER, Circuit Judge, concurring:

I concur in the judgment. The district court determined that the Brunks' real property was subject to forfeiture because the property

had been used to facilitate violations of the drug laws, *see* 21 U.S.C.A. § 881(a)(7) (West 1999), and, as a separate and independent basis, because the real property had been purchased with the proceeds of illegal drug activity, *see* 21 U.S.C.A. § 881(a)(6) (West 1999). I would affirm only on the basis that the property was purchased with illegal drug proceeds.

*United States v. Bajakajian*, 524 U.S. 321 (1998), may well require that a proportionality review be undertaken with respect to the district court's conclusion that the property was subject to forfeiture under § 881(a)(7) because of its connection with the drug-related activity. *See United States v. Ahmad*, 213 F.3d 805, 815 (4th Cir.) ("[W]e believe that *Bajakajian*'s 'grossly disproportional' analysis applies when determining whether any punitive forfeiture — civil or criminal — is excessive."), *cert. denied*, 121 S. Ct. 573 (2000). To determine whether the forfeiture of the Brunks' property under § 881(a)(7) is punitive in nature, and therefore subject to a proportionality review under the Eighth Amendment, we would have to consider whether *Bajakajian* overruled our decision in *United States v. Chandler*, 36 F.3d 358 (4th Cir. 1994). Moreover, no proportionality review was conducted below and we are ill-suited to conduct such a review in the first instance.

In my view, we need not visit all of these issues now because the district court properly ordered that the property be forfeited pursuant to § 881(a)(6), regardless of whether *Chandler* is still good law. Thus, we should affirm the forfeiture of the Brunks' real property on the basis of the district court's finding that it was purchased with the proceeds of illegal drug sales. There is sufficient evidence in the record to support the district court's determination in this regard. The forfeiture of contraband or its proceeds is never subject to a proportionality analysis. *See, e.g.*, *United States v. Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1395 (10th Cir. 1997) (holding "as a matter of law that forfeiture of drug proceeds pursuant to § 881(a)(6) can never be constitutionally excessive"). I do not read *Bajakajian* or circuit precedent to require a contrary approach.

GOODWIN, District Judge, dissenting:

Neal and Teresa Brunk appeal an order granting civil in rem forfeiture of their double-wide home and ninety acres of land pursuant to

21 U.S.C. §§ 881(a)(6) and (a)(7). The appellants contend that the evidence does not support the finding that the property was forfeitable as drug proceeds and that, nonetheless, the forfeiture of $99,175 worth of property as a result of Neal Brunk's sale of 2 and a half ounces of marijuana violates the Excessive Fines Clause of the Eighth Amendment. The district court applied an instrumentality test, rather than a proportionality test, and concluded that the forfeiture is not constitutionally excessive.

I believe that the Supreme Court's majority decision in *United States v. Bajakajian*, 524 U.S. 321 (1998), mandates an Eighth Amendment proportionality review of punitive forfeitures. Therefore, the forfeiture should be vacated and this case remanded to the district court to conduct a proportionality review consistent with *Bajakajian*. Accordingly, I respectfully dissent.

## I.

The district court found that the property in question was purchased with the proceeds of drug activity and that it had been used to facilitate violations of the drug laws. Accordingly, the district court ordered the property forfeited. On appeal, the Brunks contend that: (1) *United States v. Bajakajian* overruled circuit precedent in *United States v. Chandler*, 36 F.3d 358 (4th Cir. 1994); (2) forfeiture of the property is an excessive fine in violation of the Eighth Amendment; and (3) there is not substantial evidence to support the district court's factual finding that the property was purchased with drug proceeds.

## II.

The law recognizes forfeiture in two types of actions: a civil in rem action, such as an action brought pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7)[1] and a criminal in personam action. The difference between

---

[1]Title 21 U.S.C. §§ 881(a)(6) and (a)(7) provide:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6)   All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any

the two rests on a legal fiction. A criminal in personam action is directed against the owner of the property, whereas a civil in rem action is directed against the property itself. This distinction originally placed civil in rem actions beyond the proscriptive reach of the Excessive Fines Clause of the Eighth Amendment.[2]

In *Austin v. United States*, 509 U.S. 602 (1993), the United States Supreme Court held that the Excessive Fines Clause applies to certain civil in rem forfeitures. *Id.* at 610. The Court reasoned that the theories traditionally employed to justify civil forfeiture rest upon the notion that the forfeiture of property involved in an offense is a fair means by which to punish the owner of the property. *Id.* at 615. Therefore, the Court concluded that the dispositive inquiry regarding whether the Excessive Fines Clause applies is not whether the action is styled as civil or criminal, but rather whether the forfeiture is punitive. *Id.* at 610. The Court recognized that many civil in rem actions also serve remedial purposes, but held that the forfeiture is subject to

person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

(7)   All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

[2]The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

the Excessive Fines Clause if the forfeiture can be viewed as punitive, even in part. *Id.*

In *Austin*, the government argued that forfeiture of the defendant's mobile home, where the defendant stored drugs, and his auto body shop, where he sold the drugs, was purely remedial because it removed instrumentalities of the drug trade pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7).[3] *Id.* at 620. The Court acknowledged that "forfeiture of contraband itself may be characterized as remedial because it removes dangerous or illegal items from society," but rejected the government's narrow interpretation of "instruments" of the drug trade. *Id.* at 621. Although the defendant stored and sold drugs on the property, the Court concluded that they were not "instruments" of the drug trade. *Id.* (citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364 (1984) (rejecting government's attempt to characterize car used to transport illegal liquor as forfeitable contraband)).

The Court conducted an in-depth analysis of the history of forfeitures and the Eighth Amendment and held that a civil in rem forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7) was punitive. *Id.* at 610-22. The *Austin* Court, however, expressly refused to provide a standard by which to determine whether a particular forfeiture operated as an excessive fine. Instead, it stated that "[p]rudence dictates that we allow the lower courts to consider that question in the first instance." *Id.* at 622-23.

One year after *Austin*, this court decided *United States v. Chandler*, 36 F.3d 358 (4th Cir. 1994), and articulated therein a standard for determining when a punitive civil in rem forfeiture is excessive. In *Chandler*, the United States brought a civil in rem action seeking forfeiture of a thirty-three acre farm pursuant to the same two subsections of § 881 as in the present case. We acknowledged that the Eighth Amendment's Excessive Fines Clause could apply to civil in rem actions, as well as to criminal in personam forfeiture actions, but decided not to consider proportionality as a factor in determining

---

[3]21 U.S.C. § 881(a)(4) provides for the forfeiture of conveyances, such as automobiles and aircraft, that are used to facilitate the commission of a drug offense.

whether a civil in rem forfeiture is excessive. *Id.* at 362-365. Focusing on the fact that civil in rem forfeitures were actions against the property, rather than against the person, we reasoned that "the value of the property is irrelevant to whether it is forfeitable." *Id.* at 364 (citing *Austin*, 509 U.S. at 627-28 (Scalia, J., concurring) ("Scales used to measure out unlawful drug sales, for example, are confiscable whether made of the purest gold or basest metal. . . . The question is not how much the confiscated property is worth, but whether the confiscated property has a close enough relationship to the offense.")).

Instead, this court adopted a three-part "instrumentality test" for determining whether a particular civil in rem forfeiture is excessive under the Eighth Amendment. *Id.* at 365. Under this test, courts are required to consider: (1) the nexus between the offense and the property and the extent of the property's role in the offense; (2) the role and culpability of the owner; and (3) the possibility of separating offending property that can readily be separated from the remainder. *Id.* Under the *Chandler* standard, a civil in rem forfeiture does not violate the Excessive Fines Clause if a "court [can] conclude, under the totality of circumstances, that the property was a *substantial and meaningful instrumentality* in the commission of the offense, or would have been, had the offensive conduct been carried out as intended." *Id.* (emphasis added).

The following year, we articulated a standard for determining whether a criminal in personam forfeiture runs afoul of the Excessive Fines Clause. *See United States v. Wild*, 47 F.3d 669 (4th Cir. 1995). In *Wild*, the United States brought a criminal in personam action seeking forfeiture of the defendant's house. We held that courts must focus, at least in part, on the value of the property being forfeited when determining whether a criminal in personam forfeiture violates the Excessive Fines Clause. *Id.* at 674. We distinguished our earlier pronouncement in *Chandler* on the ground that that case articulated the governing standard for punitive civil in rem actions. *Id.* at 674-75. Thus, in *Chandler* and *Wild*, we established a bifurcated regime in which proportionality was a factor in determining excessiveness in a criminal in personam action, but that a "substantial and meaningful" instrumentality was all that was required for a civil in rem action to withstand constitutional inquiry. Although we recognized that *Austin* cast aside the distinction between civil in rem and criminal in perso-

nam actions in determining whether a forfeiture action is punitive, thus triggering the Eighth Amendment, we held that the distinction was still relevant in defining what constitutes an excessive fine. *Id.* at 674.

The Supreme Court revisited these questions in *United States v. Bajakajian*, 524 U.S. 321 (1998), and, for the first time, articulated a standard to determine whether a punitive forfeiture violates the Excessive Fines Clause. In *Bajakajian*, the defendant was convicted of violating a federal law requiring persons to report the transport of more than $10,000 cash outside of the country. The defendant was caught carrying $357,144 on his person, and the United States sought criminal in personam forfeiture of the entire amount under 18 U.S.C. § 982(a)(1) as part of the criminal indictment against the defendant. Because the forfeiture was a criminal in personam action, the Court held that it was clearly punitive and subject to an Excessive Fines Clause analysis. *Id.* at 332.

As in *Austin*, the government in *Bajakajian* argued that the forfeiture of the defendant's currency was constitutional because it involved an instrumentality of the crime. The Court recognized the well-settled rule that forfeitures of instrumentalities are exempt from the Excessive Fines Clause. *Id.* at 333 n.8. If the forfeiture action targets only property that was an instrument in the commission of an offense and no more, then the action is a remedial one against "guilty property," not a punitive one against the owner. *Id.* If the forfeiture reaches beyond the guilty property, however, it is "ipso facto punitive and therefore subject to review under the Excessive Fines Clause." *Id.* As it did in *Austin*, the Court rejected the government's classification of the currency as an instrumentality, *id.* at 334 n.9, and noted that the term instrumentality is strictly limited "to the property actually used to commit an offense and no more."[4] *Id.* at 333 n.8.

---

[4]In reaching its conclusion, the Court noted that "[c]ash in a suitcase does not facilitate the commission of [a reporting] crime as, for example, an automobile facilitates the transportation of goods concealed to avoid taxes." *Id.* at 334 n.9 (citing *J.W. Goldsmith, Jr.-Grant Co. v. United States*, 254 U.S. 505, 508 (1921)). A closer look at *Goldsmith* and other cases in which the Supreme Court has upheld instrumentality forfeitures, makes clear that the Brunks' property in this case is not an instrumental-

The Court then considered what standard should be applied for determining whether a forfeiture is constitutionally excessive. *Id.* at 334-37. The Court held that a "punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of the defendant's offense." *Id.* at 334. Applying the test to the facts before it, the Court held that forfeiture of the entire $357,144 was grossly disproportionate to the offense and violated the Excessive Fines Clause. *Id.* at 337-40.

As we recently noted, "[t]he [Supreme] Court did not, however, limit itself to analyzing the nature of criminal in personam forfeitures, which it deemed to be per se punitive." *Ahmad*, 213 F.3d at 813. The Court retreated from *Austin*'s view that "forfeiture generally and statutory in rem forfeiture in particular historically have been understood, at least in part, as punishment," *Austin*, 509 U.S. at 618, and stated instead that "[b]ecause they were viewed as nonpunitive, such forfeitures traditionally were considered to occupy a place outside the domain of the Excessive Fines Clause." *Bajakajian*, 524 U.S. at 331; *see Ahmad*, 213 F.3d at 812, 813. Nonetheless, the Court reiterated *Austin*'s central holding that a civil in rem forfeiture could be punitive and subject to the Excessive Fines Clause:

> It does not follow, of course, that all modern civil in rem forfeitures are nonpunitive and thus beyond the coverage of

ity that is exempt from the Excessive Fines Clause. In *Goldsmith*, the Court upheld the forfeiture of a car used to violate a ban on interstate transportation of goods to avoid taxes. *Goldsmith*, 254 U.S. at 508. The car was a necessary means of violating the prohibition on interstate transportation. The Brunks' property "obviously differs from the instrumentality forfeitures the Court has upheld." *United States v. Ahmad*, 213 F.3d 805 (4th Cir.), *cert. denied*, 121 S. Ct. 573 (2000) (citing *Dobbins's Distillery v. United States*, 96 U.S. 395 (1878) (forfeiture of a distillery used to produce illegal alcohol); *United States v. Ursery*, 518 U.S. 267 (1996) (forfeiture of real property used to grow marijuana); *C.J. Hendry Co. v. Moore*, 318 U.S. 133 (1943) (forfeiture of fishing nets used to violate state fishing laws)). The forfeited property in those cases were the very means by which the offenses were committed. Moreover, the *Austin* Court held that property similar to the Brunks' property was not forfeitable under 21 U.S.C. §§ 881(a)(4) and (a)(7) as an instrumentality of the offense. *Austin*, 509 U.S. at 621.

> the Excessive Fines Clause. Because some recent federal forfeiture laws have blurred the traditional distinction between civil in rem and criminal in personam forfeiture, we have held that a modern statutory forfeiture is a "fine" for Eighth Amendment purposes if it constitutes punishment even in part, regardless of whether the proceeding is styled in rem or in personam.

*Bajakajian*, 524 U.S. at 331 n.6.

The appellants argue that *Bajakajian* overruled the *Chandler* and *Wild* bifurcation of the excessive fine analysis into an instrumentality test for all civil in rem actions and a proportionality analysis for criminal in personam actions. They argue that *Bajakajian* makes clear that once a forfeiture is deemed punitive, the Excessive Fines Clause is triggered; and once the Excessive Fines Clause is considered, "the test for the excessiveness of a punitive forfeiture involves solely a proportionality determination." *Id.* at 333-34. The government counters that *Bajakajian* arose in the context of a criminal in personam forfeiture and, therefore, *Chandler* is still controlling law.

I agree with the appellants. As we stated in *Ahmad*, "*Bajakajian*, of course, involved only a criminal in personam forfeiture, but the Supreme Court nowhere suggested that its 'gross disproportionality' test did not apply to civil in rem forfeitures that are punitive in nature." *Ahmad*, 213 F.3d at 815 n.4. It is clear from the sweeping language used in the majority opinion that the *Bajakajian* test must be applied to all "punitive forfeitures," whether civil in rem or criminal in personam. *See id.*; *see also Towers v. City of Chicago*, 173 F.3d 619, 624 (7th Cir. 1999); *United States v. 3814 NW Thurman St.*, 164 F.3d 1191, 1197 (9th Cir. 1999); *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1309 (11th Cir. 1999); *United States v. 415 E. Mitchell Ave.*, 149 F.3d 472, 476-77 (6th Cir. 1998). As the Court stated, "[t]he touchstone of constitutional inquiry under the Excessive Fines Clause is the principle of proportionality." *Bajakajian*, 524 U.S. at 334.

Moreover, *Bajakajian* expressly rejects that portion of our reasoning in *Chandler* that does not accept the proportionality inquiry set forth in *Solem v. Helm*, 463 U.S. 277, 284 (1983). *Bajakajian*, 524

U.S. at 336 ("[W]e therefore adopt the standard of gross disproportionality articulated in our Cruel and Unusual Punishment Clause precedents.") (citing *Solem*, 463 U.S. at 288)). Therefore, I conclude that *Bajakajian* overruled *Chandler*.

### III.

Under *Austin* and *Bajakajian*, the appropriate inquiry in forfeiture cases is two-fold. Courts must first determine whether the forfeiture action is punitive, regardless of whether it is a civil in rem action or a criminal in personam action. *Austin*, 509 U.S. at 610. Making the distinction between civil in rem actions that are remedial and ones that are punitive will often be difficult in practice. If the forfeiture targets only instruments of the offense, as narrowly construed, then the action is a remedial one against "guilty property," not a punitive one subject to the Excessive Fines Clause. *See Bajakajian*, 524 U.S. at 333 n.8. But if the forfeiture is punitive, even in part, courts must then determine whether the forfeiture is grossly disproportional to the gravity of the defendant's offense. *Id.* at 334.

In this case, the forfeiture proceeding was brought pursuant to two distinct subsections of 21 U.S.C. § 881.

### A.

The *Austin* Court held that a civil in rem action pursuant to 21 U.S.C. § 881(a)(7), which provides for the forfeiture of real property used in connection with, or to facilitate, drug activity, is always a punitive forfeiture that triggers application of the Excessive Fines Clause. *Austin*, 509 U.S. at 619-22 (finding that forfeiture of mobile home and auto body shop used to store and sell drugs was punitive). Therefore, a proportionality review was required under *Bajakajian*. In light of the specific details of the facts in the present case, I believe that it is appropriate for the district court to conduct a proportionality review consistent with *Bajakajian* in the first instance. *See United States v. Borromeo*, 1 F.3d 219, 221 (4th Cir. 1993) (remanding for proportionality review).

## B.

The government's alternative statutory basis for the forfeiture, Section 881(a)(6), authorizes the forfeiture of property purchased with the proceeds of illegal drug activity. *See* 21 U.S.C. § 881(a)(6). It seems axiomatic that forfeiture of any ill-gotten property can never be excessive in a constitutional sense. Nevertheless, I believe it to be the rule in our circuit that the Excessive Fines Clause applies to forfeiture of property that constitutes the proceeds of crime. *See Borromeo*, 1 F.3d at 221 (remanding Section 881(a)(6) forfeiture to district court for Eighth Amendment inquiry); *see also United States v. Shifflett*, 939 F. Supp. 1244, 1251 (W.D. Va. 1996) (inquiring whether forfeiture of proceeds violated Excessive Fines Clause on remand from the Fourth Circuit).[5] As with the Section 881(a)(7) forfeiture, the district court should have conducted a proportionality review to determine whether the forfeiture is constitutionally excessive.

---

[5]There may be tension between *Borromeo* and *Wild*, 47 F.3d at 674. The *Wild* court, without reference to *Borromeo*, stated that:

> Of course, the forfeiture of property neither constituting, nor derived from, proceeds of an illegal activity must be distinguished from the forfeiture of property constituting, or derived from, proceeds of an illegal activity. The former is clearly a form of punishment; the latter is not, and thus, is not covered by the Excessive Fines Clause of the Eighth Amendment.

*Id.* at 674 n.11. In *Wild*, which was decided pre-*Bajakajian*, the court distinguished *Chandler* and held that in a criminal in personam forfeiture action of property used to facilitate the commission of a crime, courts must consider the proportionality between the property and the offense. *Id.* at 674. The discussion in *Wild* of property constituting proceeds was mere dicta. In addition, to the extent that *Wild* might be viewed as an attempt to overrule *Borromeo*, it is well settled that a subsequent panel of this court is not free to overrule a prior panel. *See, e.g.*, *North Carolina Utilities Comm'n v. F.C.C.*, 552 F.2d 1036, 1044 n.8 (4th Cir. 1977). Furthermore, the ruling in *Borromeo* was implicitly followed by *Chandler*, which, although it declined to adopt a proportionality test, still conducted an Excessive Fines Clause analysis in a Section 881(a)(6) action. *See Chandler*, 36 F.3d at 363-66.

## IV.

For the foregoing reasons, I respectfully dissent.